IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KYM MCCARTY                          :

                                     :

        v.                           :   Civil Action No. DKC 14-3990

                                     :

DEMOCRACY INTERNATIONAL, et al.      :

                                     :

### MEMORANDUM OPINION

Presently pending and ready for resolution in this case are two motions filed by Plaintiff Kym McCarty: (1) a motion for reimbursement of expenses (ECF No. 25); and (2) an unopposed motion for voluntary dismissal (ECF No. 28).   The relevant issues have been briefed, and the court now rules, no hearing being deemed necessary.   Local Rule 105.6.   For the following reasons, Plaintiff's motion to for reimbursement of expenses will be denied, and Plaintiff's motion for voluntary dismissal will be granted.

## I.   Background

Plaintiff commenced this action on December 23, 2014, by filing a complaint against Defendants Democracy International, Inc. ("Democracy International"), Eric Bjornlund, and Glen Cowan alleging unlawful discharge in retaliation for protected activities.   (ECF No. 1).   Defendants answered on March 5, 2015 and discovery commenced.   (ECF No. 6).

On April 15, 2015, Plaintiff served Defendants with
Plaintiff's "First Requests for the Production of Documents."
(ECF No. 21-1 ¶ 1).  The parties entered into a Stipulated
Protective Order (ECF No. 11), which provided that:

> A party may designate Discovery Material as
> "Attorneys' Eyes Only" if such Discovery
> Material contains particularly sensitive
> confidential information that the producing
> party believes in good faith cannot be
> disclosed without threat of competitive
> injury, because such Discovery Material
> contains proprietary or commercially
> sensitive information.

(*Id.* at 2).  Furthermore:

> Confidential business Discovery Material
> shall be so identified at the time of
> service of such Discovery Material by
> including on each page the legend
> "ATTORNEYS' EYES ONLY."  This designation
> shall be used as sparingly as possible.  Any
> document, material, or information
> designated by a party as "Attorneys' Eyes
> Only" must be reviewed by an attorney and
> may not be disclosed to Plaintiff absent
> written consent from counsel for all
> Defendants or an Order by this Court.

(*Id.* at 3).  The parties proceeded to conduct discovery, and
more than 80% of Defendants' total document production requested
by Plaintiff (6,205 of 7,580 documents and 44,780 of 50,700
pages) was designated as "Attorneys' Eyes Only."  (ECF No. 21-1
¶ 7).  Plaintiff contended that Defendants' designation "was
overbroad, improper and a violation of the terms of the
Stipulated Protective Order."  (*Id.* ¶ 8).  Despite exchanging

2

several letters and holding two telephonic conferences, the parties achieved only limited success in resolving their dispute. (*Id.* ¶ 11).

On June 19, 2015, pursuant to Fed.R.Civ.P. 37(a)(3)(B)(iv) and (a)(4), and Local Rule 104.8(a), Plaintiff served her motion to compel discovery. (ECF No. 21-1). Defendants served their opposition on July 1 (ECF No. 21-2), and Plaintiff served her reply on July 15 (ECF No. 21-3). On July 16, counsel for the parties held a telephonic discovery conference pursuant to Local Rules 104.7 and 104.8(b). Counsel resolved two of four substantive issues raised by Plaintiff's motion, leaving two for resolution by the court. Also on July 16, Plaintiff filed her motion to compel, accompanied by a certificate of counsel per Local Rule 104.8(c). (ECF No. 21).

While the briefing was in progress, Plaintiff filed both a motion to extend the discovery deadline and a motion for protective order. As a result of those motions, the court conducted a telephone conference with counsel on July 9, 2015, at which both motions were granted. Additionally, the court was advised that a motion to compel would be forthcoming, and a hearing date was set for July 22, 2015. The parties were to provide the court with all written submissions by July 20. Plaintiff concluded that the court needed to have a copy of all

disputed documents in advance of the hearing, so copies were made and delivered to chambers on July 20.

At the July 22 hearing, the undersigned granted in part and denied in part Plaintiff's motion to compel.   (ECF No. 23). Without finding whether any documents were improperly labelled "Attorneys Eyes Only," the court was able to forge a compromise, permitting Plaintiff's counsel to review the documents with Plaintiff, but prohibiting her from having a copy or other tangible rendition of the documents in her sole control.   On July 24, 2015, Plaintiff filed the pending motion for reimbursement of expenses incurred in connection with her motion to compel.   (ECF No. 25).   Defendants responded in opposition on August 7, 2015.   (ECF No. 27).   Plaintiff also filed the pending motion for voluntary dismissal without prejudice, which is unopposed by Defendants.   (ECF No. 28).

## II.  Plaintiff's Motion for Reimbursement of Expenses

Plaintiff's motion to compel discovery was granted in part and denied in part.   (ECF No. 23).   As a result, "the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion."   Fed.R.Civ.P. 37(a)(5)(C). However, expenses should not be awarded to the moving party if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;(ii) the opposing party's nondisclosure, response, or objection was

substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(5)(A); *see Hake v. Carroll Cnty., Md.*, No. WDQ-13-1312, 2014 WL 3974173, at *10 (D.Md. Aug. 14, 2014); *Morris v. Lowe's Home Centers, Inc.*, No. 1:10-CV-388, 2012 WL 5347826, at *12 (M.D.N.C. Oct. 26, 2012) (citations omitted) ("[T]he same factors that limit application of Rule 37(a)(5)(A) also constrain cost-shifting under Rule 37(a)(5)(C).").

Rule 37(a)(5)(C) grants courts discretion to apportion expenses, including costs incurred during, *inter alia*, filing, copying, and travel. *See EEOC v. Bardon, Inc.*, No. RWT-08-1883, 2010 WL 989051, at *3 (D.Md. Mar. 12, 2010). Here, Plaintiff moves for reimbursement of expenses associated with her motion to compel discovery and incurred preparing for the July 22 hearing. Plaintiff's motion for reimbursement is accompanied by affidavits and corresponding statements of expenses. (*See* ECF Nos. 25-1; 25-2). Defendants oppose Plaintiff's motion, arguing that Plaintiff did not attempt to resolve the discovery issues in good faith, that the district court did not even reach the issue of the "Attorneys' Eyes Only" designations at the July 22 hearing, that Plaintiff fails to demonstrate that Defendants' designations were not "substantially justified," and that Plaintiff will use the copies she made for the hearing elsewhere during this litigation. (ECF No. 27, at 1-3).

As an initial matter, Defendants contend that Plaintiff moved to compel discovery before conferring in good faith to resolve the issues without court intervention, as is required by Fed.R.Civ.P. 37(a)(5)(A)(i). Defendants assert that they "had already mostly resolved [Plaintiff's motion to compel] by the time she rushed her motion to Court." (ECF No. 27, at 1). However, in addition to Plaintiff's certification that the parties did meet and confer (ECF No. 21), Plaintiff offered evidence of her genuine attempts to resolve the discovery disputes without court intervention. (*See* ECF No. 21-1 ¶ 11). Through her counsel, Plaintiff made several requests to have Defendants review and re-designate their entire document production. (*Id.* at 11, 44-48). The record reveals that Plaintiff made reasonable, good faith efforts to resolve her discovery disputes with Defendants before filing the motion to compel.

Defendants' opposition details that "Plaintiff inexplicably chose to file her Motion to Compel several days before the [discovery] deadline, and after she had received the supplemental discovery responses that obviated most of her motion." (*Id.* at 2). If good faith efforts to resolve the dispute with the opposing party have failed, the moving party is free to file a motion to compel and for sanctions pursuant to Rule 37(a)(5). *See Jayne H. Lee, Inc. v. Flagstaff Indus.*

6

*Corp.*, 173 F.R.D. 651, 656 n.13 (D.Md. 1997) (emphases in original) ("[Rule 37] provides, relevantly, that if a party fails to respond to a document production request *by agreeing to the production as requested*, or fails thereafter to *permit the inspection as requested*[,] the propounding party may file a motion to compel with the court, accompanied by a certificate that there have been good faith efforts to resolve the dispute before filing the motion."); *see also Lane v. Lucent Technologies, Inc.*, No. 1:04-CV-00789, 2007 WL 2079879, at *3 (M.D.N.C. July 13, 2007) ("Generally, a party must file a motion to compel before the close of discovery in order for that motion to be deemed timely."). Given that Defendants failed to produce discovery as requested, Plaintiff reasonably prepared and filed the motion to compel seeking access to documents shielded by Defendants' "Attorneys' Eyes Only" designation.

Defendants also assert that only two of Plaintiff's issues remained at the time of the July 22 hearing: "(1) the propriety of Defendants' 'Attorneys' Eyes Only' designations; and (2) Plaintiff's request for Defendants' personal financial information." (ECF No. 27, at 1). Defendants prevailed on the latter issue at the hearing and contend that the former issue was resolved before the court ruled. Although they correctly note that Plaintiff's request for Defendants' financial information was denied, Defendants' argument that they "readily

agreed to the Court's suggestion to allow Plaintiff to view the 'Attorneys' Eyes Only' documents" under certain conditions fails to account for the fact that they had resisted making these documents available to Plaintiff prior to the hearing. (*Id.* at 2). Plaintiff prevailed on this issue at the hearing and, as a result, her motion was granted in part.

Defendants next argue that "Plaintiff cannot demonstrate that Defendants' designations were not 'substantially justified,'" but this argument is unavailing. (*Id.* at 3). "[T]o avoid the imposition of costs, 'parties must sufficiently argue that they were substantially justified in their actions.'" *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 365 (D.Md. 2012) (quoting *Kemp v. Harris*, 263 F.R.D. 293, 297 (D.Md.2009)). Here, Defendants have not done so and cannot place the burden on Plaintiff.   Furthermore, Defendants assert that awarding expenses to Plaintiff would finance her litigation, as she would presumably use the copies that she made for the hearing throughout this litigation. (ECF No. 27, at 3).

If this case were to continue, the court might have deferred resolution of expense-shifting pending completion of discovery, to see whether other disputes merited awarding of expenses to either side.   However, Plaintiff has filed the pending motion voluntarily to dismiss her case without prejudice, which will be granted. Under that circumstance, an

8

award of expenses would be unjust.  As will be seen, Defendants
do not object to the dismissal without prejudice, but they have
undoubtedly incurred expenses in litigating thus far that will
not be reimbursed.  Thus, the court will exercise its discretion
to deny Plaintiff's request for reasonable expenses pursuant to
Rule 37(a)(5)(C).

## III. Plaintiff's Motion for Voluntary Dismissal

Plaintiff moves voluntarily to dismiss the case without
prejudice.  (ECF No. 28).  Plaintiff maintains that she has
"decided not to proceed with this legal action[,]" but that her
request "reflects nothing about the merits of [her] claims."
(*Id.* at 1).  For the following reasons, Plaintiff's request to
withdraw her claims without prejudice will be granted, although
any refiling of the claims will be subject to Fed.R.Civ.P. 41(d).

As a general rule, a "plaintiff's motion for voluntary
dismissal without prejudice under Rule 41(a)(2) should not be
denied absent substantial prejudice to the defendant." *Andes v.
Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986).  Rule
41(a)(2) "permits the district court to impose conditions on
voluntary dismissal to obviate any prejudice to the defendants
which may otherwise result from dismissal without prejudice.  In
considering a motion for voluntary dismissal, the district court
must focus primarily on protecting the interests of the
defendant." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir.

9

1987) (citations omitted).   The decision to grant or deny a voluntary dismissal under Rule 41(a)(2) "is a matter for the discretion of the district court, and its order will ordinarily not be reversed except for an abuse of discretion."   *Id.* (citations omitted).

The "district court's assessment of the propriety of allowing a Rule 41(a)(2) dismissal" involves a "non-exclusive, multi-factor test."   *Wilson v. Eli Lilly & Co.*, 222 F.R.D. 99, 100 (D.Md. 2004).   The listed factors are: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of litigation, i.e., whether a dispositive motion is pending.   *Kyte v. Coll. of S. Maryland*, No. DKC-2003-2558, 2005 WL 396306, at *1 (D.Md. Feb. 18, 2005) (citations omitted).   Potential prejudice to the nonmoving party is a key factor, but the United States Court of Appeals for the Fourth Circuit has recognized that "[its] jurisprudence on the issue of what constitutes sufficient prejudice to a nonmovant to support denial of a motion for voluntary dismissal under Rule 41(a)(2) is not free from ambiguity."   *Howard v. Inova Health Care Servs.*, 302 F.App'x 166, 179 (4th Cir. 2008).   In determining prejudice to Defendants, it is important to note the stage of the litigation at which Plaintiff voluntarily seeks to dismiss.

Here, litigation is still in its early stages. Plaintiff has neither excessively delayed this case nor displayed a lack of diligence. The record does not indicate that Defendants, to date, have expended much time or incurred great expense. Furthermore, Plaintiff's request to withdraw her claims recites that she can no longer afford the substantial and increasing costs related to discovery, particularly as the case enters a more intensive stage in the discovery process. (*Id.* ¶ 2). According to Plaintiff, her counsel "was advised that Defendants do not object to the granting of this [m]otion." (*Id.* ¶ 6). Moreover, other than potentially facing renewed litigation, Defendants point to no prejudice from dismissal at this time. *See Lang v. Manufacturers & Traders Trust Co.*, 274 F.R.D. 175, 181 (D.Md. 2011) (quoting *O'Reilly v. R.W. Harmon & Sons, Inc.*, 124 F.R.D. 639, 639 (W.D.Mo. 1989)) ("A Rule 41(a)(2) dismissal 'is generally granted where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit.'"); *Davis*, 819 F.2d at 1274-75 (citations omitted) ("It is well established that, for purposes of Rule 41(a)(2), prejudice to the defendant does not result from the prospect of a second lawsuit" or "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation."). Accordingly, dismissal is warranted and there is no need to consider dismissal with prejudice. Defendants have not sought

11

costs or expenses in this case as a condition to dismissal without prejudice, but Rule 41(d) automatically makes such payment a possibility whenever a new suit is filed.

Considering the foregoing factors, Plaintiff's motion for voluntary dismissal without prejudice will be granted. Plaintiff is advised that Defendants may invoke the provisions of Rule 41(d) if she refiles the case.

## IV.  Conclusion

For the foregoing reasons, Plaintiff's motion for reimbursement of expenses will be denied.  Plaintiff's motion for voluntary dismissal will be granted and the case will be dismissed without prejudice.  A separate order will follow.

/s/

DEBORAH K. CHASANOW
United States District Judge